UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ESTATE OF SALLY ANN COCHRAN,
BY AND THROUGH ITS PERSONAL
REPRESENTATIVE MICHAEL
PEVARNEK

    Plaintiff,

v.                                       Case No: 8:17-cv-1700-T-36TGW

LACEY MARSHALL and SAMANTHA
MARSHALL,

    Defendants.
_____/

## **ORDER**

This matter comes before the Court upon the Plaintiff's Motion for Remand (Doc. 15), and Defendants' response in opposition (Doc. 16). In the motion, Plaintiff states that the Court should remand this action to state court because Defendant Lacey Marshall has been and remains a resident of the State of Florida thereby eliminating complete diversity between himself and the Defendants. The Court must determine whether, at the time of the filing of the Complaint and its removal to this Court, Lacey Marshall was a citizen of Michigan. Because the evidence demonstrates by a preponderance that Lacey Marshall established her domicile in Michigan prior to the filing of the Complaint, complete diversity exists in this action. The Court, having considered the Motion and being fully advised in the premises, will deny Plaintiff's Motion for Remand.

    **I.    BACKGROUND**

The decedent, Sally Ann Cochran, died on April 26, 2017. Doc. 2 at ¶ 2. At the time of her death she was a full time resident of Polk County, Florida. *Id*. The Probate Court in Polk

County appointed her brother Michael Pevarnek, as Personal Representative for her probate estate. *Id*. at ¶ 3. On June 23, 2017, Pevarnek, in his representative capacity, initiated a civil action in Polk County, Florida. *See generally id*. The suit alleges that Cochran's adult granddaughters Lacey Marshall and Samantha Marshall unlawfully converted her assets and funds, engaged in a civil conspiracy to deprive Cochran of her funds and otherwise exploited her. *Id*. at ¶¶ 10, 13-17, 19-22, 24-31.

Defendants removed the case to this Court asserting that it met the requirements for diversity jurisdiction. *See generally* Doc. 1. The Notice of Removal asserts that Pevarnek, as Personal Representative for Cochran's estate, takes the citizenship of Cochran, who was domiciled in Florida at the time of her death. *Id*. at ¶ 6. Plaintiff does not dispute either that the case meets the minimum threshold for the amount in controversy or that Defendant Samantha Marshall is a citizen of Michigan. Doc. 15 at ¶¶ 7, 9-10. But he asserts, "upon information and belief," that Defendant Lacey Marshall is a Florida resident. *Id*. at ¶ 10, 11[1]. Therefore, Plaintiff argues, complete diversity does not exist in this case and the Court lacks subject matter jurisdiction, requiring remand to state court.

## II. LEGAL STANDARD

"The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case, and cannot be waived or otherwise conferred upon the court by the parties." *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1000 (11th Cir. 1982). "Federal courts are courts of limited jurisdiction." *U. of S. Alabama v. Am. Tobacco Co.*,

---

[1] The Complaint and the Notice of Removal both assert that Lacey Marshall is a resident of Michigan. *See* Doc. 1 at ¶ 4, Doc. 2 at ¶ 4.

2

168 F.3d 405, 409 (11th Cir. 1999). And "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Id*. at 410.

Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1)-(3). In order for diversity jurisdiction to exist under 28 U.S.C. § 1332, each defendant must be diverse from each plaintiff. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 377 (1978) ("Congress has established the basic rule that diversity jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship."). 28 U.S.C. § 1441(a) permits a defendant to remove, as a general matter, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction…."

A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC.,* 374 F.3d 1020, 1022 (11th Cir. 2004). "Because removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly," and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala*, 168 F.3d at 411. The determination of diversity requires examination of "the plaintiff's pleadings at the time of removal." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

"In order for defendants to be able to remove this case to federal court based on diversity, diversity must have existed at both the time the complaint was originally filed and at the time of removal." *Goff v. Michelin Tire Corp.*, 837 F. Supp. 1143, 1144 (M.D. Ala. 1993) (citing *Stevens v. Nichols*, 130 U.S. 230 (1889)). *See also Garza v. Midland Nat. Ins. Co.*, 256 F.Supp. 12, 13 (S.D. Fla. 1966). "Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). "A person's domicile is the place

of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *Sunseri v. Macro Cellular Partners*, 412 F.3d 1247, 1249 (11th Cir. 2005) (internal quotation marks omitted).

The Court makes its determination as to a party's domicile by reviewing several types of evidence, including but not limited to, the party's affidavit, deposition testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property and place of employment. *See e.g.*, *id*; *Audi Performance & Racing, LLC v. Kasberger*, 273 F. Supp. 2d 1220, 1226 (M.D. Ala. 2003).

### III. DISCUSSION

The Notice of Removal alleges that: Lacey Marshall and Samantha Marshall are Michigan residents, "domiciled in Wayne County, Michigan," Doc. 1 at ¶ 4; Plaintiff is a citizen of Florida; *id*. at ¶ 6; the amount in controversy is at least $240,350, the amount of the assets at issue in the case, *id*. at ¶ 7; and this Court has original diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000. *Id*. at ¶ 9. The Notice of Removal sufficiently alleged that both Defendants were citizens of Michigan and Plaintiff was a citizen of Florida[2], thereby establishing on its face that complete diversity existed.

Plaintiff challenges those allegations with certified documents meant to suggest that Lacey Marshall was a resident of Florida both at the time the complaint was filed and at the time of

---

[2] For purposes of determining diversity of citizenship, a decedent's personal representative is deemed a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2); *Vaka v. Embraer-Empresa Brasileira De Aeronautica, S.A.,* 303 F. Supp. 2d 1333, 1334 (S.D. Fla. 2003).

4

removal. Specifically, Pevarnek filed a certified copy of the official record and transcript for Lacey Marshall's Florida driver's license. Doc. 15-1. Her Florida driver's license was unexpired when he filed the Complaint. *Id*. He also filed a certified copy of the Voter Registration Receipt and Voter History Report maintained by the Supervisor of Elections for Polk County, Florida which demonstrate that Lacey Marshall voted in the 2016 elections as an active registered voter in Florida. *See* Doc. 15-2. Lacey Marshall does not dispute this evidence.

But the evidence and arguments are insufficient to either establish that Lacey Marshall is a citizen of Florida or challenge the Defendants' Notice of Removal. The Motion for Remand focuses on Lacey Marshall's residence, not her citizenship.[3] The Eleventh Circuit has repeatedly stressed that "[c]itizenship, not residence, is the key fact that must be alleged ... to establish diversity for a natural person." *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Although Plaintiff has not properly challenged the factual basis for diversity jurisdiction, assuming he did, the burden would shift to the Defendants, as the parties seeking to invoke jurisdiction, to prove by a preponderance of the evidence that complete diversity exists.

Defendant Lacey Marshall provided an affidavit which states that: her residence is in Michigan, Doc. 16-1 at ¶ 3, she left Michigan to go to Florida to take care of Cochran for a few years, *id*. at ¶ 5; upon Cochran's passing on April 26, 2017, she returned to Michigan, *id*. at ¶ 6; she obtained a Michigan driver's license on May 9, 2017, *id*. at ¶ 8, Exhibit A; she registered her car in Wayne County, Michigan, *id.* at ¶ 9, Exhibit B; on June 27, 2017, she was issued a Michigan Voter Identification Card, *id*. at ¶ 10, Exhibit C; her place of employment is in Detroit, Michigan

---

[3] In the Motion for Remand, Plaintiff repeatedly refers to Lacey Marshall's residence, except for in the following sentence in the conclusion: "Plaintiff has now demonstrated that at least one of the Defendants, Lacey Marshall, represents herself as a citizen and resident of the State of Florida." Doc. 15 at 11.

and she intends to enroll in school in Michigan, *id.* at ¶¶ 11, 12; her bank statement reflects a Michigan address, *id.* at ¶ 13, Exhibit D; and finally she intends to "remain a citizen of the State of Michigan with no intention to move back to Florida." *Id.* at ¶ 14.

The Court may review evidence outside the initial petition when determining whether it has subject matter jurisdiction over a case. *See Pretka v. Kolter City Plaza II, Inc.,* 608 F.3d 744, 773 (11th Cir. 2010) (holding that a defendant may submit post-removal evidence of jurisdiction in opposition to a motion to remand). That evidence, including post-petition affidavits, must be judged at the time of the removal and be relevant to that period of time. *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction."); *id.* at 946 (holding that a court may consider evidence submitted after the removal petition is filed, "but only to establish the facts present at the time of removal").

"In determining domicile, a court should consider both positive evidence and presumptions." *Jones v. L. Firm of Hill and Ponton*, 141 F. Supp. 2d 1349, 1355 (M.D. Fla. 2001). First, the Court notes that it is a well-established rule that a party's current residence is prima facie evidence of her domicile. *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984). But, there is another presumption, "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state." *Jones*, 141 F. Supp. 2d at 1355. Finally, there is a strong presumption of continuing domicile when a party contends that she has changed it, and that presumption puts a heavier burden on the party attempting to show a change of domicile. *See Audi Performance & Racing, LLC*, 273 F. Supp. 2d at 1226 ("In determining domicile, a court should consider both positive evidence and

presumptions," explaining that "once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state."). These presumptions are meant to aid the Court in its subject matter jurisdiction determination. But an individual's "entire course of conduct" and the "totality of evidence" determine domicile for diversity jurisdiction purposes. *Jones*, 141 F. Supp. 2d at 1355.

Based on her affidavit, the totality of the evidence in this case establishes that Lacey Marshall was a citizen of Michigan at the time of the filing of the Complaint and at the time of removal. Her testimony and documentary evidence, including her Michigan driver's license, voter registration, car registration, place of residence and employment, demonstrate that Michigan is her fixed and permanent home where she intends to remain indefinitely. *See Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974)[4], *cert. denied*, 419 U.S. 842 (1974). *See also McCormick v. Aderholt*, 293 F.3d 1254, 1258 (11th Cir. 2002) (finding domicile in state where plaintiff worked, owned real property, had a driver's license, was registered to vote, and paid income taxes).

Although self-serving, Lacey Marshall's declaration of her intent to remain in Michigan and not return to Florida deserves full and fair consideration. *See Welsh v. Am. Sur. Co. of N.Y.*, 186 F.2d 16, 18 (5th Cir. 1951). "But like other self[-]serving declarations [it] may lack persuasiveness or be negatived by other declarations and inconsistent acts." *Id.* *See also Audi Performance & Racing, LLC*, 273 F. Supp. 2d at 1227 (same). In this case, and under these facts, Lacey Marshall's statements are very persuasive given the specific circumstances involving her grandmother's illness and death which influenced her decision to move from Michigan to Florida and back. The record is void of any inconsistent statements or acts. *Cf. Sunseri,* 412 F.3d at 1249

---

[4] Decisions of the former Fifth Circuit handed down prior to September 30, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

(affirming district court's finding that plaintiff's act of listing his California home as his primary residence in verified executed mortgage documents was inconsistent with his attempt to establish Nevada as his domicile by affidavit, deposition, and other evidence).

Although it is undisputed that Lacey Marshall was living in Florida as late as November 2016, assuming (without deciding) that Lacey Marshall was domiciled in Florida, she has met the mental and physical requirements to establish domicile in Michigan as early as May 2017,[5] one month before Plaintiff filed this action. *See Mas*, 489 F.2d at 1399 ("A change of domicile may be effected only by a combination of two elements: (a) taking up residence in a different domicile with (b) the intention to remain there."). *See also Stine v. Moore*, 213 F.2d 446 (5th Cir. 1954) (finding change in domicile where party moved from Texas to Louisiana where he "had both the residence in fact and the purpose to make Louisiana his home" at the time of the filing of the complaint); *Lee v. Airwalk Alabama, LLC*, 2:13-CV-373-KOB, 2013 WL 4482613 (N.D. Ala. Aug. 19, 2013), *as amended* (Aug. 20, 2013) (finding that members of the defendant LLC established a change of domicile from New Mexico to Alabama when they placed their New Mexico home on the market, removed their household furnishings, and committed to being the sole onsite managers of a new business venture in Alabama where they received their mail, kept their vehicles, set up and paid for utilities, and maintained a listed residential phone number).

To the extent that Plaintiff is attempting to argue that the presumption of continuing domicile should work in his favor, the Court disagrees. In this case, the Defendants have overcome the presumption and met their heavy burden. Lacey Marshall unequivocally states that she stayed

---

[5] The State of Michigan issued Lacey Marshall's driver's license on May 9, 2017, the Dearborn, Michigan City Clerk issued her voter's identification card on June 27, 2017, and her bank issued a statement reflecting her Michigan address for the period ending May 19, 2017. Doc. 16-1, Exs. A, C, D.

in Florida to take care of Cochran, and once she passed, returned to her home in Michigan where she lives with her mother, works, plans to attend school, and intends to remain indefinitely. *Cf. Slate v. Shell Oil Co.*, 444 F. Supp. 2d 1210 (S.D. Ala. 2006) (finding that defendant had not overcome presumption of continuing domicile in Alabama where his contacts with Louisiana were that he was employed there, he slept four nights each week in transient, employer-provided housing for which he paid nothing for rent, parking or utilities, he bought some groceries there, and he paid income taxes in Louisiana and Alabama); *Jakobot v. Am. Airlines, Inc.*, 10-61576-CIV, 2011 WL 2457915, at *4 (S.D. Fla. June 20, 2011) (finding that plaintiff had not overcome presumption of continuing domicile after reviewing the location of Plaintiff's real property, business interests, employees, voter registration, vehicle registration and tax filings).

IV. **CONCLUSION**

Plaintiff's purported evidence neither establishes that Lacey Marshall was a citizen of Florida nor properly challenges Defendants' allegation in their Notice of Removal that Lacey Marshall is a citizen of Michigan. Nonetheless, assuming Plaintiff had properly brought a challenge, the Defendants have met their burden to establish that this Court has subject matter jurisdiction by a preponderance of the evidence. Lacey Marshall established domicile in Michigan prior to the filing of Plaintiff's Complaint. Therefore, at the time of the filing of the Complaint and the removal of the case, complete diversity existed between the parties to sufficiently confer subject matter jurisdiction on this Court. The Motion for Remand will be denied.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Remand (Doc. 15) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on November 30, 2017.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any